### No. 665
### CLEV.-AKRON BAG CO. v. JAITE
Ohio Appeals, 9th Dist., Summit County
No. 844.   May 26, 1924

683.   JURY—Where juror approached plaintiff and asked to see plaintiff's injured hand, which was then exhibited to the juror—held: Such misconduct was not sufficient to warrant a new trial.

PARDEE, J.
#### Epitomized Opinion
Published Only in Ohio Law Abstract

Original action in the Common Pleas wherein Earl E. Jaite, an infant, was plaintiff and the Cleveland-Akron Bag Co. was defendant. Plaintiff claimed damages for personal injuries received from the explosion of a dynamite cap, which he alleged was dumped in the road by defendant. During the progress of the trial one of the jurors approached the mother of plaintiff and conversed about the mother's baby and then asked to see the injured hand of plaintiff, whereupon plaintiff approached and exhibited his injured hand to the juror. Upon verdict and judgment being rendered for plaintiff, the Bag Co. prosecuted error on the ground of misconduct of said juror. The Court of Appeals held:

Where the prevailing party or someone for him has been guilty of misconduct with one of the jurors, the burden is cast upon him clearly to show that it was not intended to influence the conduct of the juror and in fact had no such result. But where the prevailing party is free from fault and the misconduct of the juror does not show any bias or prejudice for or against either party, it will not be ground for annulling the verdict.

This court is of opinion that the juror's misconduct in this case was not such as to warrant the granting of a new trial. Judgment affirmed.

Attorneys—Musser, Kimber & Hoffman, for Bag Co.; Rockwell & Grant, for Jaite; all of Akron.

### No. 666
### DOVER (Village) v. BAY (Village)
Ohio Appeals, 8th Dist., Cuyahoga County
No. 5100.   July 1, 1924
Middleton, P. J., Mauck and Sayre, JJ., sitting.